UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANLEY ARISTILDE,  :  Plaintiff, : | |
| : | |
| v.  : | No. 26-cv-00339 |
| : | |
| NEW YORK STATE OFFICE OF  : THE COMPTROLLER, *et al.*,  :  Defendants. : | |

**MEMORANDUM**

**Joseph F. Leeson, Jr.**  January 29, 2026
**United States District Judge**

Plaintiff Stanley Aristilde brings this *pro se* civil action, which is based on his eviction, against the New York State Office of the Comptroller, Office of the New York State Attorney General, 727 North Meadow Street LLC (which is located in Allentown, Pennsylvania), Norris McLaughlin (a law firm located in Allentown, Pennsylvania), and the Bureau of the Fiscal Service (which is located in Parkersburg, West Virginia).[1] *See* Compl. at 1-2, . He seeks to proceed *in forma pauperis*. For the following reasons, the Court grants Aristilde *in forma pauperis* status and dismisses his Complaint.

---

[1] Aristilde previously filed an unrelated civil action in which he mentioned "an apparent eviction." *Aristilde v. Doe*, No. 25-2035, 2025 WL 3471704, at *2 (3d Cir. Dec. 3, 2025) (*per curiam*). Although the prior case was dismissed and that ruling upheld on appeal, the dismissal did not prejudice "Aristilde's ability to file a separate and proper complaint on these matters with a proper court in the future." *Id.*

I.   BACKGROUND[2]

Although the Complaint is difficult to understand because of the way that Aristilde has presented his claims, it is ultimately based on proceedings in state court that led to his eviction. Public dockets reflect that HP Nazareth LLC filed a Landlord/Tenant complaint against Aristilde in Northampton County, which resulted in a judgment in favor of HP Nazareth and an order of possession. *See HP Nazareth LLC v. Aristilde*, MJ-03208-LT-000019-2025. Aristilde appealed the judgment to the Northampton County Court of Common Pleas. *See HP Nazareth LLC v. Aristilde*, C-48-CV-2025-02693 (Northampton Cnty. C.P.). HP Nazareth LLC is listed on the docket as having an address at 727 N. Meadow Street in Allentown and is represented by an attorney from Norris McLaughlin. *Id.* The matter is currently pending.

Aristilde's Complaint in the instant civil action generally asserts that "727 North Medow Street LLC" has committed "many torts" in connection with these state court proceedings, including "conspiracy with local Magistrate (03-2-08) which [led] to unlawful eviction of the lien claimant." Compl. at 3. He claims that the state court actions are "unlawful" and have resulted in, among other things, his homelessness and "hacking/stalking on and offline," "weaponized interdependence schemes with deep state actors (NYC and PA),"[3] and "emotional duress." *Id.* at 3–4. He seeks money damages and other assorted relief. *Id.* at 4–5.

---

[2]   The factual allegations are taken from Aristilde's Complaint, exhibits attached to his Complaint, and public dockets of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

[3]   Aristilde also has a case pending in federal court in New York apparently concerning the "schemes" at issue here. *See Aristilde v. Emery Celli Brinckerhoff Abady Ward and Maazel LLP*, No. 25-9658, ECF No. 1 (S.D.N.Y.); *see also* Compl. at 25 (alleging that "PA and NY state actors; et al are stalking, hacking, 24 hr surveillance, etc. claimant did file claim in NYC for remedies").

## II.     LEGAL STANDARD

The Court grants Aristilde leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, his Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to dismiss the Complaint if, among other things, it is frivolous or fails to state a claim. A complaint is subject to dismissal as frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court "accepts the facts alleged in [the *pro se*] complaint as true," draws "all reasonable inferences" in the plaintiff's favor, and asks only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice to state a claim. *See Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266

(3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue.").

As Aristilde is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* (quoting *Mala*, 704 F. 3d at 244). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant also "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it by name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

### III.     ANALYSIS

Aristilde cites Title 42 U.S.C. § 1983 ("Section 1983") as the basis for his claims, but also repeatedly invokes legal provisions that are inapplicable, do not support a civil cause of action, or are legally irrelevant. *See generally* Compl. Such provisions include questions of bankruptcy law and the Uniform Commercial Code. Relatedly, Aristilde invokes sovereign-citizen-style arguments and concepts that courts have summarily rejected as legally frivolous. A claim is frivolous if it "rel[ies] on an 'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario." *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (quoting *Neitzke*, 490 U.S. at 327–28). *See also Ewans v. New Jersey*, No. 25-1368, 2025 WL

2630569, at *1 (3d Cir. Sept. 12, 2025) (summarily affirming dismissal of complaint "replete with sovereign-citizen-like legal jargon"); *Washam v. Superintendent Dallas SCI*, No. 21-3073, 2022 WL 1402054, at *1 (3d Cir. May 4, 2022) (affirming dismissal, without leave to amend, of complaint composed "largely of frivolous Sovereign-Citizen-like arguments and legal jargon that was by turns inapposite and indecipherable").  To the extent that Aristilde relies on these concepts and legal sources, his claims are legally frivolous.

Turning to Aristilde's Section 1983 claims, which are predominately based on an alleged conspiracy against him that resulted in his eviction, he "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law" to state a claim.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred."  *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010).  "[A] bare assertion of conspiracy will not suffice."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Aristilde's conspiracy claims appear to be predicated on allegations of a broad "deep state" conspiracy against him that resulted in "hacking," "stalking," and his eviction.  Such allegations rise to the level of factually baseless.  *See, e.g.*, *In re Aristilde*, No. 25-1514, 2025 WL 1401647, at *2 (E.D. Pa. May 13, 2025) ("[T]o the extent [Aristilde] claims that the Defendants are interfering with his technological devices to control his life, cause him financial harm, and prevent him from connecting with women, these claims lack a factual basis and must be dismissed as frivolous." (citing cases)), *aff'd sub nom. Aristilde v. Doe*, No. 25-2035, 2025 WL 3471704 (3d Cir. Dec. 3, 2025).  Further, to the extent Aristilde's former landlord successfully sought his eviction in state court, "merely resorting to the courts and being on the winning side of a lawsuit does not make a

party a co-conspirator or a joint actor with the judge." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980); *see also Great W. Mining & Min. Co.*, 615 F.3d at 179 (holding that a conspiracy claim was not plausible where plaintiff "failed to allege except in general terms the approximate time when the agreement was made, the specific parties to the agreement . . . , the period of the conspiracy, or the object of the conspiracy").

In sum, Aristilde has failed to allege any plausible basis for a conspiracy or a constitutional violation committed by a state actor. The Court cannot discern any plausible basis for a claim, whether constitutional or otherwise. Even if the Complaint could be properly construed to assert state tort claims against Aristilde's prior landlord or the landlord's attorneys, there is no independent basis for this Court's jurisdiction over those claims. *See* 28 U.S.C. § 1332(a) (providing the rule for diversity of citizenship jurisdiction).

### IV. CONCLUSION

For the foregoing reasons, the Court grants Aristilde leave to proceed *in forma pauperis* and dismisses his Complaint with prejudice. The numerous motions attached to Aristilde's Complaint, ECF No. 2 at 18-37, are all denied. Considering all of Aristilde's filings together, which are composed primarily of sovereign citizen style language and arguments, the Court concludes that amendment would be futile.

An appropriate Order follows, which dismisses this case.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge